UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TRIGO ADR AMERICAS, LLC,
Plaintiff,

v.

OEM LOGISTICS, LLC, et al.,
Defendants.

Case No.: 23-cv-2219-AGS-MMP

**ORDER GRANTING OEM'S MOTION TO COMPEL TRIGO TO ANSWER INTERROGATORY NO. 24**

[ECF No. 85]

This is a trade secret action in which Plaintiff Trigo ADR Americas, LLC ("Trigo") contends its former employees, Defendants Steven Clarke, Jay Nicholas, Eric Adler, and Michael Thomson, misappropriated confidential, proprietary, and trade secret information they subsequently used while working for Defendant OEM Logistics, LLC ("OEM"). ECF Nos. 1, 6. This motion is one of three pending discovery motions. ECF No. 85; *see also* ECF Nos. 73, 74. The Court presumes the parties' familiarity with the facts and discusses them only as necessary for context.

OEM moves for an order compelling Trigo to answer Interrogatory 24.[1] ECF No. 85 at 18–19. Trigo filed an opposition, to which OEM replied. ECF Nos. 87, 88. The Court

[1] OEM's motion sought to compel further responses to numerous other Interrogatories and RFPs. ECF No. 85. After the Court's August 18, 2026 Status Conference and further meet

found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1) and the undersigned's Civil Chambers Rule X(F). ECF No. 86. The Court held a Status Conference on August 18, 2026, in which the parties addressed the issues raised in the motion. ECF Nos. 89, 92. For the reasons stated below, the Court **GRANTS** OEM's motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26(b)(1) establishes the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

An interrogatory propounded under Rule 33 "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Any party, on notice to other parties and all affected persons, may apply for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). Rule 37 provides for an entry of an order compelling discovery where "a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii).

---

and confer efforts among counsel, Plaintiff confirmed it has agreed to supplement Interrogatory Nos. 23 and 25 and RFPs 94–99 and 132, 133, 134, 138, 139, and 140. ECF No. 96. Accordingly, the Court focuses its analysis on the only remaining discovery request in dispute: Interrogatory 24. *Id.*

The party seeking to compel discovery has the burden of establishing relevance under Rule 26(b)(1). *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021). "Once the propounding party establishes that the request seeks relevant information, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018) (citations modified).

## II. ANALYSIS

Interrogatory 24 asks Trigo to "[i]dentify each customer whose business relationship with YOU ceased or was terminated for any reason during the period of July 1, 2020 to the present." ECF No. 85 at 19.

In response, Trigo asserted the following objections:

> Objection. The interrogatory contains discrete subparts and exceeds the interrogatory limit under FRCP 33(a)(1). The term "YOU(R)" is vague and overbroad to the extent it includes third parties. Plaintiff answers only for itself. The interrogatory seeks confidential information related to Plaintiffs [sic] trade secrets, customers, vendors and suppliers, and financial information beyond the scope of any party's claims or defenses. The interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to any party's claim or defenses nor proportionate to the needs of the case.

ECF No. 85 at 19; 85-3 at 3–4.

The Court addresses the propriety of Trigo's objections. As a preliminary matter, the interrogatory does not contain discrete subparts; Trigo's objection is thus overruled. The Court has already entered a stipulated Protective Order in this case, ECF No. 36. Even assuming the identification of former Trigo customers is confidential, Trigo fails to explain why the stipulated Protective Order is insufficient. Accordingly, Trigo's objection based on confidentiality is also overruled.

The focus of Trigo's opposition is Interrogatory 24 seeks information that is neither relevant to any party's claim or defenses nor proportional to the case. ECF No. 87 at 5–6.

With respect to relevance, OEM contends "why Trigo lost its customers" is a key issue, and "[w]hether Trigo experienced a pattern of contract losses – wholly unrelated to OEM – during the relevant time period gets to the heart of the issue here[.]" ECF No. 85 at 18.

In opposition, Trigo maintains the request is irrelevant to the extent it seeks the identity of customers beyond what Trigo claims it lost *because of* Defendants' conduct, which is limited to two customers: Bell Helicopter and Raytheon. ECF No. 87 at 5. Said differently, the fact a customer may have left Trigo for any reason unrelated to Defendants' conduct "has nothing to do with this case" and is therefore not a proper subject of discovery. *Id.* at 6.

To establish trade secret misappropriation under the federal Defend Trade Secrets Act (DTSA) and the California Uniform Trade Secrets Act (CUTSA), the plaintiff must prove, among other elements, "the defendant's actions damaged the plaintiff." *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 471 (N.D. Cal. 2020) (citation omitted). OEM explains it seeks discovery to challenge Trigo's allegations that Defendants' alleged misconduct—including misappropriation of trade secrets as well as interference with business relations and prospective economic advantage—caused Trigo's loss of business and resulting damages. According to OEM, identifying the scope of customers Trigo lost around the same time as the alleged misappropriation is relevant to Defendants' ability to show alternative causes (other than the alleged misappropriation) contributed to Trigo's lost business. In light of the broad construction of relevance for purposes of discovery under Rule 26(b)(1), the Court finds OEM has satisfied its burden of establishing relevance. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) ("District courts have broad discretion in determining relevancy for discovery purposes.").

Trigo contends the motion should be denied because Interrogatory 24 is "incredibly overbroad" and thus not proportional. ECF No. 87 at 5. According to Trigo, permitting this discovery is a slippery slope because "all of a sudden, we're going to be litigating why

someone left and why someone didn't leave and whether or not [Trigo] gave good customer service to people and talking about patterns of -- that is so far afield in a trade secret case." ECF No. 92, August 18, 2026 Conf. Tr. 28:24–29:2. While the Court is inclined to agree that extensive document discovery into the reason each and every customer left Trigo may not be proportional, Trigo's argument puts the cart before the horse. Interrogatory 24 merely asks Trigo to *identify* customers whose relationship ended during the relevant period. It seeks nothing more. Trigo does not explain how providing this limited information is overly burdensome. Moreover, numerous proportionality factors, including the amount in controversy, Trigo's exclusive access to this information, and the parties' resources, weigh in favor of permitting this limited discovery. On this record, the Court finds the burden or expense for Trigo to identify its former customers in response to Interrogatory 24 does not outweigh its likely benefit.

## III. CONCLUSION

For the reasons stated above, the Court finds Interrogatory 24 is relevant and proportional under Rule 26(b)(1) and thus **GRANTS** OEM's motion to compel Trigo to answer Interrogatory 24. The Court further **ORDERS** Trigo shall fully answer Interrogatory 24 under oath within fourteen (14) days of this Order.

**IT IS SO ORDERED**.

Dated: September 21, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge